927 F.2d 584
 17 U.S.P.Q.2d 1968
 DIXIE USA, INC., a Texas corporation, and Buchboard Patient
Shifters, Inc., a Texas corporation, Plaintiffs-Appellants,
v.
INFAB CORPORATION, a Delaware corporation, Donald Cusick, an
individual, and Picker International, Inc., a New
York corporation, Defendants-Appellees.
 No. 90-1292.
 United States Court of Appeals,
Federal Circuit.
 March 1, 1991.
 
 Thomas L. Blasdell, of Crawford Blasdell & Reimann, Los Angeles, Cal., argued, for plaintiffs-appellants.
 Paul L. Gardner, of Spensley Horn Jubas & Lubitz, Los Angeles, Cal., argued, for defendants-appellees. With him on the brief, was Rod S. Berman.
 Before MAYER and LOURIE, Circuit Judges, and FRIEDMAN, Senior Circuit Judge.
 LOURIE, Circuit Judge.
 
 
 1
 Dixie USA, Inc. and Buchboard Patient Shifters, Inc. appeal the February 25, 1990, judgment of the United States District Court for the Central District of California, Case No. CV 89-4398 SVW, granting summary judgment of non-infringement of U.S. Patent 4,067,079. Since we conclude that the district court did not err, we affirm.
 
 BACKGROUND
 
 2
 On April 5, 1976, Ernest C. Buchman filed an application for a United States patent for an apparatus to transport hospital patients. There were ten claims in the application: claim 1 was an apparatus claim and claims 2-6 were dependent therefrom; claim 7 was a method claim and claims 8-10 depended from that claim.
 
 Claim 1 read:
 A patient shifting aid comprising:
 
 3
 a plastic slab forming a support surface upon which a patient is adapted to be placed and having sufficient thickness to support the weight of a patient placed thereon; and
 
 
 4
 a plurality of openings in said slab and disposed adjacent the periphery of said support surface providing means for gripping the plastic slab to effect sliding movement of the plastic slab and the patient support thereon.
 
 
 5
 Figure 1 of the application illustrated Buchman's device as follows:
 
 
 6
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 
 7
 ----------
 
 
 8
 Casual inspection readily reveals a plurality of handhold openings consisting of rectangular and round holes. The claims, when filed, did not limit the nature of the holes.
 
 
 9
 The Patent and Trademark Office (PTO) rejected all the claims under 35 U.S.C. Sec. 103 on the ground that their subject matter would have been obvious. Applicant responded by cancelling claims 6-10, amending claim 1 in a manner not relevant here, and adding claim 11, which included a limitation requiring that the plurality of openings be rectangular and round. He stated that none of the cited patents discloses rectangular and round openings and that that feature distinguished claim 11 from the prior art. The PTO again rejected all the claims in the application.
 
 
 10
 The applicant responded by cancelling claims 1-5, which did not require that the openings be rectangular and round, and amending claim 11 (renumbering it as claim 1) to include a limitation that the device be translucent, i.e., enable the taking of x-rays through the plastic slab. The PTO then issued the patent with claim 1 as the sole claim which reads:
 
 A patient shifting aid comprising:
 
 11
 a plastic slab having rounded corners forming a rectangular support surface upon which a patient is adapted [sic] to be placed and having sufficient thickness to support the weight of a patient placed thereon while enabling the obtaining of x-rays through the plastic slab to determine the extent of patient injury without the necessity of additional shifting of the patient;
 
 
 12
 a plurality of openings in said slab and disposed adjacent the periphery of said support surface providing means for gripping the plastic slab to effect sliding movement of the plastic slab and the patient support [sic, supported] thereon;
 
 
 13
 said plurality of openings comprising generally rectangular openings having rounded corners and rounded openings for grasping the slab for moving a patient;
 
 
 14
 said openings being disposed inwardly from the periphery of the slab a greater distance than the thickness of the slab;
 
 
 15
 said slab having a sliding surface opposite said support surface which frictionally engages the support for the patient shifting and said sliding surface and said support surface being formed smoothly to minimize frictional resistance to sliding movement; and
 
 
 16
 said slab having sufficient flexibility to allow bending to provide clearance for the hands of a person effecting shifting of a patient.
 
 
 17
 (Emphasis added).
 
 
 18
 The owner of this patent is Buchboard Patient Shifters, Inc. and Dixie USA, Inc. has been exclusive licensee since January 1, 1979. They jointly filed a patent infringement suit against appellees on January 21, 1989. Appellees subsequently moved for summary judgment on the ground of non-infringement. The district court granted the motion and this appeal followed.
 
 DISCUSSION
 
 19
 A party is entitled to summary judgment where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); Howes v. Medical Components, Inc., 814 F.2d 638, 643, 2 USPQ2d 1271, 1273 (Fed.Cir.1987). Neither party disputes the above-mentioned facts; we conclude that there is no genuine issue as to any material fact and that the district court did not err on that point. We next determine whether the court erred in concluding that appellees were entitled to judgment as a matter of law.
 
 
 20
 The accused device is conceded to have the following structure:
 
 
 21
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 
 22
 One should note that the handhold openings are all rectangular, not rectangular and round. Appellants concede that the apparatus does not literally infringe the patent.
 
 
 23
 The district court determined that appellees' devices do not infringe under the doctrine of equivalents because appellants are estopped by prosecution history from recapturing what they surrendered in prosecution in order to obtain allowance of the patent. Appellants argue that the facts of this case require that the doctrine of equivalents be given considerable weight when balancing it with the competing doctrine of prosecution history estoppel; that the content and timing of the sole amendment to the proposed claim language describing the openings as rectangular and round creates a genuinely disputed issue concerning application of prosecution history estoppel; and that the defense of prosecution history estoppel, even if applicable, does not necessarily preclude a factual finding of infringement by equivalence.
 
 
 24
 To prevail under the doctrine of equivalents, a patentee must show that the accused device "performs substantially the same function in substantially the same way to obtain the same result." Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 608, 70 S.Ct. 854, 856, 94 L.Ed. 1097, 85 USPQ 328, 330 (1950). However, when a patentee, during the prosecution of his application, adds a limitation to rectangular and round openings in response to a rejection based on prior art references describing rectangular openings in an effort to overcome that rejection, the patentee cannot later successfully argue that an accused device that lacks the rectangular and round limitation infringes the patent. See Mannesmann Demag Corp. v. Engineered Metal Prod., 793 F.2d 1279, 1284, 230 USPQ 45, 48 (Fed.Cir.1986).
 
 
 25
 In this case, Buchman, during the prosecution of the patent application, stated to the PTO that what distinguished his invention from the relevant prior art was the presence of both round and rectangular openings. He specifically stated, "[r]egarding claim 11, none of the cited patents disclose[s] the specific shape and location of the claimed rectangular and round openings." (Emphasis in original).
 
 
 26
 The PTO still did not issue the patent. Applicant then added the element of translucence and cancelled all the remaining claims that lacked the requirement that the openings be rectangular and round. With those changes, the patent was granted. The applicant thus surrendered the right to have a device that does not have both rectangular and round openings found to be equivalent to a claimed invention that does.
 
 
 27
 Appellants argue that they should be able to obtain some degree of equivalence even in the face of prosecution history estoppel, and that a total preclusion of equivalence should not apply. As a general proposition, that principle is correct, Mannesmann, id. at 1284, 230 USPQ at 48, but the district court did not apply total preclusion in this case. The court considered the nature of the prior art and the amendments and arguments made during the prosecution and concluded that the scope of equivalence being urged by appellants is precisely that which is forbidden to them by their own prior conduct.
 
 
 28
 Appellants also argue that it was not the addition of the "rectangular and round" limitation that caused the examiner to allow the patent, but the later-added translucence limitation. We disagree. While the allowance did follow the addition of the translucence limitation, the amendment that made that addition also cancelled claims 1-5, which lacked the "rectangular and round" limitation. Without this latter cancellation, we believe that no reasonable fact-finder could have found that the patent would have been issued. We have considered appellants' other arguments and are not persuaded by them that the district court erred.
 
 CONCLUSION
 
 29
 Because it properly applied the doctrine of prosecution history estoppel, the district court did not err in concluding on summary judgment that appellees' device does not infringe appellants' patent.
 
 
 30
 AFFIRMED.